[No. B085282. Second Dist., Div. Five. Mar. 28, 1995.]

THE PEOPLE, Plaintiff and Appellant, v.
ANDREW RAMIREZ, Defendant and Respondent.

**COUNSEL**

Gil Garcetti, District Attorney, Brentford J. Ferreira and Diana L. Summer-hayes, Deputy District Attorneys, for Plaintiff and Appellant.

Michael P. Judge, Public Defender, Albert J. Menaster, Thomas MacBride and Alex Ricciardulli, Deputy Public Defenders, for Defendant and Respondent.

**OPINION**

**GRIGNON, J.**—The prosecution appeals from a judgment of conviction following a guilty plea by defendant and respondent Andrew Ramirez to

residential burglary and his admission of a prior serious felony conviction within the meaning of Penal Code[1] section 667, subdivision (a) and subdivisions (b) through (i). We are asked to determine the appropriate sentence of a defendant who is convicted of a serious felony and has suffered a single prior serious felony conviction within the meaning of section 667, subdivision (a) and subdivisions (b) through (i). The question presented is whether the sentence of such a defendant must be doubled, pursuant to the provisions of section 667, subdivision (e)(1), and also enhanced by five years, pursuant to the provisions of section 667, subdivision (a). Concluding that it must, we reverse.

## FACTS AND PROCEDURAL BACKGROUND

Defendant was charged by information with a March 29, 1994 first degree residential burglary in violation of section 459. It was further alleged that defendant had suffered a prior serious felony conviction within the meaning of section 667, subdivision (a) and subdivisions (b) through (i). Defendant pleaded guilty and admitted the special allegations with the understanding he would be sentenced to seven years in state prison. The trial court sentenced defendant to the lower term of two years for the burglary in addition to five years for the section 667, subdivision (a) enhancement, for a total of seven years. The trial court did not double the term for the burglary as prescribed in section 667, subdivision (e)(1). The prosecution appeals, contending the trial court was required to double the two-year term and also impose the five-year enhancement, which would have resulted in a nine-year sentence.

## DISCUSSION

If a defendant is convicted of a serious felony and has suffered a single prior serious felony conviction, did the Legislature intend that his or her sentence for the new offense be doubled and a five-year enhancement also be imposed?

The prosecution contends the *clear* language of the March 1994 legislation amending section 667 and the stated intent of the Legislature to increase the punishment of recidivist offenders dictate the conclusion that a single prior serious felony conviction must be used both to double the term for the current felony and to add five years to the sentence. The prosecution argues that this conclusion is buttressed by evidence of the voters' intent in adopting a virtually identical initiative in November 1994.

Defendant responds that the Supreme Court's holding in *People* v. *Jones* (1993) 5 Cal.4th 1142 [22 Cal.Rptr.2d 753, 857 P.2d 1163] compels us to

---

[1]Unless otherwise indicated, all further references are to the Penal Code.

construe the *ambiguous* language of the statute to require either a doubling of the term for the current felony or the imposition of a five-year enhancement, whichever results in a greater sentence. Defendant further argues that the cumulative imposition of both penalties is precluded by section 654.

## Statutory Construction

" 'We begin with the fundamental rule that our primary task [in construing a statute] is to determine the lawmakers' intent. [Citation.] . . . To determine intent, " 'The court turns first to the words themselves for the answer.' " [Citations.] "If the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the [lawmakers] . . . ." ' " (*People* v. *Jones, supra,* 5 Cal.4th at p. 1146.) "Words used in a statute . . . should be given the meaning they bear in ordinary use." (*Lungren* v. *Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].) ▪ "We are not prohibited 'from determining whether the literal meaning of a statute comports with its purpose or whether such a construction of one provision is consistent with other provisions of the statute. The meaning of a statute may not be determined from a single word or sentence; the words must be construed in context, and provisions relating to the same subject matter must be harmonized to the extent possible. [Citation.] Literal construction should not prevail if it is contrary to the legislative intent apparent in the [statute.]' " (*Lakin* v. *Watkins Associated Industries* (1993) 6 Cal.4th 644, 658-659 [25 Cal.Rptr.2d 109, 863 P.2d 179].) "The intent prevails over the letter, and the letter will, if possible, be so read as to conform to the spirit of the act. [Citations.] An interpretation that renders related provisions nugatory must be avoided [citation]; each sentence must be read not in isolation but in light of the statutory scheme [citation] . . . ." (*Lungren* v. *Deukmejian, supra,* 45 Cal.3d at p. 735.)

## Statutory Scheme

Section 667 was enacted by the voters in 1982, as part of Proposition 8. (*People* v. *Jones, supra,* 5 Cal.4th at p. 1146.) As enacted by the voters in 1982, section 667 prescribed a five-year sentence enhancement for any defendant convicted of a serious felony, who had previously suffered a conviction for a serious felony.[2]

---

[2]As enacted by the voters, section 667 provided:

"(a) Any person convicted of a serious felony who previously has been convicted of a serious felony in this state or of any offense committed in another jurisdiction which includes all of the elements of any serious felony, shall receive, in addition to the sentence imposed by

Effective March 7, 1994, the Legislature adopted Assembly Bill No. 971 which amends section 667 to include the so-called "three strikes" legislation[3] increasing the sentences of certain recidivist offenders. (Stats. 1994, ch. 12, §§ 1 and 2.) This amendment significantly increases the sentence of persons convicted of any felony offense who have previously been convicted of one or more serious or violent felonies.[4] The 1994 legislation contains a stated purpose: "It is the intent of the Legislature in enacting subdivisions (b) to (i), inclusive, to ensure longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of serious and/or violent felony offenses." (§ 667, subd. (b).)

Sentences of recidivists are increased by the 1994 legislation both indirectly and directly. "Notwithstanding any other law, if a defendant has been convicted of a felony and it has been pled and proved that the defendant has one or more prior [serious and/or violent] felony convictions," the legislation provides for certain indirect or collateral sentencing consequences. (§ 667, subd. (c).) Those indirect consequences include: inapplicability of aggregate term limitations for consecutive sentences; ineligibility for probation; ineligibility for diversion or commitment to the California Rehabilitation Center (CRC); conduct credit reductions; and mandatory consecutive sentences. (§ 667, subd. (d).)[5]

The legislation also directly increases sentences for felony recidivists. In the case of a single prior serious or violent felony conviction, the term for

the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement shall run consecutively.

"(b) This section shall not be applied when the punishment imposed under other provisions of law would result in a longer term of imprisonment. There is no requirement of prior incarceration or commitment for this section to apply.

"(c) The Legislature may increase the length of the enhancement of sentence provided in this section by a statute passed by a majority of each house thereof.

"(d) As used in this section 'serious felony' means a serious felony listed in subdivision (c) of Section 1192.7.

"(e) The provisions of this section shall not be amended by the Legislature except by statute passed in each house by rollcall vote entered in the journal, two-thirds of the membership concurring, or by a statute that becomes effective only when approved by the electors."

[3]In 1986, section 667 was amended by the Legislature to prohibit trial judges from striking prior serious felony conviction allegations. (Stats. 1986, ch. 85, § 1.5, p. 211, urgency, eff. May 6, 1986.) Section 667 was further amended by the Legislature in 1989 to add a new subdivision (e) relating to methamphetamine offenses and renumbering former subdivision (e) as subdivision (f). (Stats. 1989, ch. 1043, § 1, pp. 3619-3620.)

[4]Former subdivisions (a) through (e) were reenacted as subdivision (a). Former subdivision (f) was reenacted as subdivision (j). In addition, new subdivisions (b) through (i) were added.

[5]Subdivision (d) defines a prior felony conviction to include violent and serious felony convictions, certain federal and out-of-state convictions, and certain juvenile adjudications.

the current felony conviction is doubled. In the case of more than one such prior conviction, the sentence is life. "For purposes of subdivisions (b) to (i), inclusive, and in addition to any other enhancement or punishment provisions which may apply, the following shall apply where a defendant has a prior felony conviction:

"(1) If a defendant has one prior felony conviction that has been pled and proved, the determinate term or minimum term for an indeterminate term shall be twice the term otherwise provided as punishment for the current felony conviction." (§ 667, subd. (e).)[6]

The provisions of the legislation are to be applied "[n]otwithstanding any other law . . . ." (§ 667, subd. (f)(1).) The prosecutor must plead and prove all serious or violent felony prior convictions except under certain circumstances. (*Ibid.*) The plea bargaining of such cases is prohibited. (§ 667, subd. (g).)[7]

On November 8, 1994, the voters enacted virtually identical legislation by approving Proposition 184, which adds new section 1170.12 to the Penal Code.[8] The voters enacted the measure for the stated purpose of ensuring "longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of serious and/or violent felony offenses." (Ballot Pamp., Preamble of Proposed Law Gen. Elec. (Nov. 8, 1994) p. 64.)

---

[6]Section 667, subdivision (e) continues: "(2)(A) If a defendant has two or more prior felony convictions as defined in subdivision (d) that have been pled and proved, the term for the current felony conviction shall be an indeterminate term of life imprisonment with a minimum term of the indeterminate sentence calculated as the greater of:

"(i) Three times the term otherwise provided as punishment for each current felony conviction subsequent to the two or more prior felony convictions.

"(ii) Imprisonment in the state prison for 25 years.

"(iii) The term determined by the court pursuant to Section 1170 for the underlying conviction, including any enhancement applicable under Chapter 4.5 (commencing with Section 1170) of Title 7 of Part 2, or any period prescribed by Section 190 or 3046.

"(B) The indeterminate term described in subparagraph (A) shall be served consecutive to any other term of imprisonment for which a consecutive term may be imposed by law. Any other term imposed subsequent to any indeterminate term described in subparagraph (A) shall not be merged therein but shall commence at the time the person would otherwise have been released from prison."

[7]The remaining subdivisions of section 667 are not relevant to our discussion. Section 667, subdivision (h) provides that any references to statutes are to those in effect on June 30, 1993, and subdivision (i) is a severability provision.

[8]Sections 667, subdivision (b) through (i) and 1170.12 are parallel. The substantive provisions are the same. We apply section 667, since it was the operative law when the crime was committed.

The Ballot Pamphlet Legislative Analysis of Proposition 184 described to voters the effect of the initiative.[9] The analysis noted that the initiative was identical to the March 1994 legislation amending section 667 passed by the Legislature and signed by the Governor. (Ballot Pamp., analysis of Prop. 184 by the Legislative Analyst as presented to the voters, Gen. Elec., *supra*, p. 32.) The analysis explained that the initiative would have no direct impact on the recently enacted legislation other than to prevent the Legislature from weakening it. (Ballot Pamp., *supra*, at p. 33; Ballot Pamp., rebuttal to the argument in favor of Prop. 184 as presented to the voters, Gen. Elec., *supra*, p. 36.)

The ballot analysis sets forth the sentencing consequences of the initiative using an example virtually identical to the facts of this case: "[U]nder the prior law, a person convicted of burglary of a residence and who was previously convicted of the same crime would have received a prison sentence of four years [middle term] with five years added for the prior offense, for a total of nine years. . . . Under the current law and as reaffirmed by this measure, the person would receive a prison sentence of eight years (twice the sentence under the previous law), with five years added for the previous conviction, for a total of 13 years." (Ballot Pamp., analysis of Prop. 184 by the Legislative Analyst as presented to the voters, Gen. Elec., *supra*, at p. 33.)

*Legislative Intent*

■ In considering whether the five-year sentence enhancement of subdivision (a) of section 667 is to be applied cumulatively to the terms of subdivision (e), we need look no further than the words of the statute to determine the intent of the Legislature. Subdivision (e) expressly states that, where a defendant is convicted of a felony offense and has previously suffered a serious felony conviction, the defendant's sentence for the new felony offense shall be doubled *"in addition to any other enhancement or punishment provisions which may apply."* (Italics added.) These words of the statute are clear and unambiguous. They require no interpretation or construction. There can be no doubt as to their meaning. In the present context, the language prescribes a doubling of the sentence for the current felony offense *in addition to* the five-year enhancement if the current offense is a serious felony.

This language is consistent with the expressed purpose of the statute "to ensure longer prison sentences and greater punishment" for convicted felons

---

[9]In construing an initiative, it is appropriate to consider the analysis and arguments contained in the official ballot pamphlets. (*Legislature* v. *Eu* (1991) 54 Cal.3d 492, 504 [286 Cal.Rptr. 283, 816 P.2d 1309].)

who have suffered prior serious felony convictions (§ 667, subd. (b)) and the statute's express mandate that the legislation is to be applied "[n]otwithstanding any other law." (§ 667, subd. (f)(1).)

Moreover, the language is consistent with other provisions of the statute. Section 667, when viewed as a whole, is a comprehensive scheme for the sentencing of serious recidivists. Subdivision (a) provides for a five-year enhancement if a defendant is convicted of a *serious* felony and has previously suffered a serious felony conviction. Subdivision (c) provides that a defendant convicted of *any* felony who previously has suffered a serious felony conviction is not eligible for probation, may not be diverted or committed to CRC, receives reduced conduct credits, must be sentenced consecutively and does not receive the benefit of certain sentence limitations. Subdivision (e) provides that a single prior serious felony conviction results in a doubled sentence and two or more prior serious felony convictions result in a life sentence. These provisions are not inconsistent with each other, nor is there any language in the statute indicating only one of the provisions may be applied. Legislation may reasonably be enacted which subjects serious recidivists to a number of adverse consequences: they are not eligible for probation, diversion or commitment to CRC; their sentence will be doubled; sentences for multiple convictions will be consecutive; they will receive an additional five-year enhancement; and their conduct credits will be reduced.

It is important to note that section 667 was amended in its entirety, at one time. When the Legislature amended this statute, it reenacted the five-year enhancement provisions in the same statute as the new provisions. The Legislature was indisputably aware of the five-year enhancement. The issue of cumulative consequences was specifically raised in letters and reports prior to adoption of the legislation.[10] In the face of this actual knowledge, the Legislature did not limit the cumulative effect of the various provisions of the statute. Instead, the Legislature expressly stated that the new provisions were to be applied *in addition to any other enhancements.*

While the Legislature did not expressly state that the new provisions were to be applied in addition to the five-year enhancement under subdivision (a)

---

[10]Letter from Deputy Legislative Counsel to Assemblyman Richard K. Rainey (Feb. 16, 1994) pages 1-3; Report of the Senate Committee on the Judiciary for hearing on February 17, 1994, "Sentencing: Three Strikes," pages 6-7; Memorandum from L. Douglas Pipes, Deputy District Attorney of Contra Costa County (Feb. 7, 1994) pages 3-4; "Prior Convictions and the Jones Bill," San Diego County Deputy District Attorney Charles Nickel; and Letter from Los Angeles County District Attorney's Office to Assemblyman Bill Jones (Feb. 16, 1994). It is not entirely clear from the legislative record whether all of these items were before the Legislature. We will assume they were.

of section 667 (cf. Health & Saf. Code, § 11370.2), this is not required. The language used by the Legislature, "in addition to any other enhancement or punishment," could not have been more broadly drafted. It was not necessary that the Legislature specifically enumerate the enhancements or punishments to which the statute alludes. All such enhancements or punishments are included in the words "any other." A specific enumeration would have been extremely cumbersome and may have resulted in the inadvertent omission of some enhancements or punishments. The language of the statute is entirely clear: A defendant who is convicted of a serious felony having previously been convicted of a serious felony is subject to a doubled sentence and a five-year enhancement. It is difficult to interpret the language of the statute in any other manner.

Any residual claims of ambiguity are dispelled by the legislative analysis of the virtually identical initiative adopted by the voters. This analysis makes very clear that the underlying sentence is doubled in addition to the imposition of a five-year enhancement.

The construction of the statute urged by defendant violates not only the express language of the statute, but also the underlying purpose of the legislation. Defendant asserts that either his sentence must be doubled *or* a five-year enhancement must be imposed, whichever results in a longer sentence. He claims the two provisions may not be imposed cumulatively. In this case, he argues the imposition of the five-year enhancement results in a longer sentence (seven years) and, therefore, must be imposed instead of doubling the underlying sentence (four years).

As noted previously, subdivision (f) of section 667 requires application of the new provisions in all circumstances and notwithstanding any other law. Application of the new provisions under defendant's construction results in a shorter sentence (four years) than under prior law (seven years). Even a seven-year sentence, if the new provisions are not applied, is merely equal to the sentence under the prior law.[11] As also noted previously, the new provisions are to be applied in addition to other enhancements. Defendant's construction violates these provisions.

Defendant contends, alternatively, that the current sentence should be doubled without imposition of the five-year enhancement. He argues that the new provisions are to be imposed by their terms solely in addition to any other enhancement which "may" apply. He asserts the statute does not require a five-year enhancement to be applied if it arises out of the same

[11]Defendant points out that his sentence would actually be longer because of reduced conduct credits.

prior serious felony conviction underlying application of the new provisions. Thus, he concludes the five-year enhancement provision is not one which applies under these circumstances; accordingly, only the new provisions are to be applied. This argument is not persuasive. It leads to the conclusion that the five-year enhancement is not to be applied, resulting in a shorter sentence under the new provisions.

We conclude the construction of the statute urged by defendant is one to which the language is not reasonably susceptible. (Cf. *In re Jeanice D.* (1980) 28 Cal.3d 210, 217 [168 Cal.Rptr. 455, 617 P.2d 1087]; *People* v. *Superior Court (Douglass)* (1979) 24 Cal.3d 428, 435 [155 Cal.Rptr. 704, 595 P.2d 139]; *People* v. *Smith* (1955) 44 Cal.2d 77, 79 [279 P.2d 33].) Such a construction renders the new provisions ineffective and is contrary to the express purpose of the statute. (Cf. *People* v. *Pieters* (1991) 52 Cal.3d 894, 901 [276 Cal.Rptr. 918, 802 P.2d 420].)[12]

*People v. Jones (1993) 5 Cal.4th 1142*

In *People* v. *Jones*, the Supreme Court discussed the cumulative imposition of enhancements for a prior felony conviction under two different statutory schemes. In 1976, the Legislature enacted section 667.5, subdivision (b) which provides for a one-year enhancement for any prior felony conviction which resulted in a separate prison term. In 1982, the voters enacted section 667, which prescribes, upon the conviction of a serious felony, a five-year enhancement for any prior serious felony conviction whether or not the conviction resulted in a separate prison sentence.

Jones had suffered a prior serious felony conviction for which he had served a prison sentence. The question before the Supreme Court was whether or not Jones could receive both a one-year enhancement and a five-year enhancement for the same prior felony conviction. The Supreme Court concluded first that both enhancements related to the same fact, i.e., the same prior felony conviction. Then the Supreme Court turned to the question of whether the voters, in enacting section 667, intended both enhancements to be applied to a single conviction. The Supreme Court concluded that the voters did not so intend.

The Supreme Court noted that the clear intent of the voters in adopting the initiative "was to increase sentences for recidivist offenders." (*People* v. *Jones, supra*, 5 Cal.4th at p. 1147.) The Supreme Court noted further that the

---

[12]Our interpretation of the statute is consistent with that of the Legislation Subcommittee of the Criminal Standing Advisory Committee of the Judicial Council, found in the committee's Analysis of Assembly Bill No. 971 (Mar. 18, 1994) page 3.

statute was silent as to whether both enhancements were to be imposed for the same prior conviction. The Supreme Court relied heavily on the language of former subdivision (b) of section 667 to the effect that section 667 is not to be applied if a longer sentence results under other penal provisions. The Supreme Court concluded that the most reasonable reading of this language was "that when multiple statutory enhancement provisions are available for the same prior offense, one of which is a section 667 enhancement, the greatest enhancement, but only that one, will apply." (5 Cal.4th at p. 1150.)

In arriving at its conclusion, the Supreme Court discussed the following practical effect of its ruling. Section 667.5 not only provides for a one-year enhancement for prior prison terms in subdivision (b), but also provides for a three-year enhancement for prior violent felony convictions in subdivision (a). Virtually all violent felonies for purposes of section 667.5, subdivision (a) are also serious felonies for purposes of section 667. Accordingly, if the two enhancements were to be imposed cumulatively, a prior violent felony conviction; would almost always result in an eight-year enhancement. Similarly, a prison sentence is almost always imposed for a serious felony conviction; thus if the two enhancements were to be imposed cumulatively, a prior serious felony conviction would almost always result in a six-year enhancement. If that were the intent of the voters, they would have so stated.[13]

*People* v. *Jones* does not alter our conclusion. First, the statutes at issue in *Jones* do not contain the broad language of section 667, subdivision (e) imposing the new provisions in addition to any other enhancement. Second, *Jones* involved two separate statutes, adopted years apart, by different lawmakers (the Legislature and the voters). Section 667 as amended, is a single statute adopted in its entirety by the Legislature. Third, imposition of the two provisions at issue in *Jones* would lead almost inevitably to certain peculiar or anomalous results not present in this situation. Here, the two provisions are entirely distinct. A defendant receives a five-year enhancement if he is convicted of a serious felony and has previously been convicted of a serious felony. A defendant's sentence is doubled if he is convicted of any felony and has previously been convicted of a serious felony. In the majority of cases a defendant will not receive both a doubled sentence and a five-year enhancement as the result of a single prior conviction. In most cases, defendants will be convicted of nonserious felonies and will simply have their sentences doubled. In the minority of cases, in which a defendant

---

[13]The Supreme Court compared language in section 667.9, subdivisions (a) and (b) ("in addition to the sentence provided under Section 667"), which expressly provides that an enhancement imposed under that section is cumulative to the enhancement imposed under section 667.

is convicted of a serious felony, the sentence will be doubled and a five-year enhancement will be imposed. There is nothing anomalous about this result. It is certainly appropriate to punish more harshly those convicted of new serious felonies. Indeed, that is the purpose behind the legislation. Finally, the construction adopted by *Jones* is not available to us. The Supreme Court concluded that the language in former subdivision (b) of section 667 (now subd. (a)(2)) requires the five-year enhancement to be imposed only if it would result in the greatest punishment. There is no language in section 667.5 requiring its application.[14] Indeed, application of a one-year enhancement under section 667.5, subdivision (b) is discretionary. Thus, the two statutes could be reasonably construed to permit imposition of only the five-year enhancement. In this case, there is unambiguous language preventing such a result. Subdivision (f) of section 667 provides that the new provisions shall be applied in all circumstances. They are not inapplicable if another statutory provision results in a greater sentence. Accordingly, we do not have the option of construing the statute in the manner utilized by the Supreme Court in *Jones*.

*Jones* does not bar the imposition of multiple adverse sentence consequences based on a single prior felony conviction. *Jones* is a "lawmaker's intent" decision. *Jones* simply determined the intent of the voters in adopting section 667. Based on the language of the two statutes and certain practical considerations, *Jones* concluded the voters did not intend both statutory enhancements to be imposed for a single prior conviction. Our determination of the legislative intent in this case, based on the statutory language and purpose, is not foreclosed by *Jones*. *Jones* did not attempt to bar multiple adverse consequences of a single prior conviction as a matter of law. (*People v. Whitten* (1994) 22 Cal.App.4th 1761, 1766-1768 [28 Cal.Rptr.2d 123].) In fact, it specifically declined to do so.

Defendant claims, however, that the Legislature believed *Jones* prohibited the application of the new provisions together with a five-year enhancement and adopted the legislation with knowledge of this existing law.[15] While this

---

[14]*Jones* found language in the California Constitution requiring felony convictions to be used without limitation for purposes of enhancement to be ambiguous. (*People v. Jones, supra,* 5 Cal.4th at pp. 1147, 1150.)

[15]At the time Assembly Bill No. 971 was before the Legislature, Proposition 184 was pending. Assembly Bill No. 971 was specifically amended in order that it might contain language identical to the language of the pending initiative. (Memorandum from Richard B. Iglehart, Chief Counsel, to Assemblyman Bob Epple, Chair, Com. on Pub. Safety (Jan. 12, 1994).) It was not thereafter amended any further.

interpretation of *Jones* was suggested to the Legislature,[16] the suggestion was strongly criticized. In fact, in direct response to a query from Assemblyman Richard K. Rainey, the Legislative Counsel opined that Assembly Bill No. 971 "would not reduce maximum prison sentences for repeat felony offenders." (Letter from Off. of Legislative Counsel to Assemblyman Richard K. Rainey (Feb. 16, 1994) p. 3.) The letter from the Office of Legislative Counsel read: "It has been suggested that because A.B. 971 provides that its sentencing provisions 'shall be applied in every case in which a defendant has a prior felony conviction' (proposed para. (1), subd. (f), Sec. 667), it will reduce, rather than increase, existing maximum sentences for many repeat felony offenders. [¶] Specifically, it has been suggested that because a court may not use the same fact (that is, a prior felony conviction) to enhance a defendant's prison sentence and to impose the upper term as his or her base sentence [citations], a court could not double a defendant's base term pursuant to proposed paragraph (1) of subdivision (e) Section 667 and impose the five-year enhancement prescribed by subdivision (a) of Section 667 based on the defendant's prior serious felony conviction. [¶] Given the plain language of A.B. 971, it is abundantly clear that the Legislature intends the sentencing provision proposed by A.B. 971 to apply '*in addition to* any other enhancement or punishment provisions which may apply' (proposed subd. (e), Sec. 667 (italics added)), including the enhancement provisions set forth in subdivision (a) of Section 667." (Letter from Off. of Legislative Counsel to Assemblyman Richard K. Rainey, *supra*, at p. 2.)[17]

### Section 654

■ Section 654 prohibits double or multiple punishment for the same act or omission. Section 654 states: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

It is a well-established rule, however, that the Legislature may create an express exception to section 654's general rule against double punishment by stating a specific legislative intent to impose additional punishment.

---

[16]Report of the Senate Committee on the Judiciary for hearing on February 17, 1994, "Sentencing: Three Strikes," page 7; Letter from Los Angeles County District Attorney's Office to Assemblyman Bill Jones (Feb. 16, 1994); Memorandum from L. Douglas Pipes, Deputy District Attorney of Contra Costa County (Feb. 7, 1994) pages 3-4; and "Prior Convictions and the Jones Bill," San Diego County Deputy District Attorney Charles Nickel.

[17]The Legislative Counsel's analysis did not expressly refer to *People* v. *Jones, supra*, 5 Cal.4th 1142.

(*People* v. *Hicks* (1993) 6 Cal.4th 784, 792 [25 Cal.Rptr.2d 469, 863 P.2d 714] [§ 667.6, subd. (c)]; *People* v. *Powell* (1991) 230 Cal.App.3d 438, 441-442 [281 Cal.Rptr. 568] [Health & Saf. Code, § 11370.2].) A statute which provides that a defendant shall receive a sentence enhancement in addition to any other authorized punishment constitutes an express exception to section 654. (*People* v. *Powell, supra*, 230 Cal.App.3d at pp. 441-442.) We conclude the Legislature has created such an express exception to section 654 in this case. Thus, we need not decide the broader question of whether section 654 is applicable to enhancements. (*People* v. *Jones, supra*, 5 Cal.4th at p. 1152.)

*The Sentence*

■ We have concluded that the Legislature intended the new provisions of section 667 to be imposed in addition to the five-year enhancement on the basis of a single prior serious felony conviction. We have also concluded the Legislature is not prohibited from doing so. We turn now to the issue of the appropriate sentence in this case.

Section 667, subdivision (e)(1) provides that in the case of a single prior serious felony conviction, "the determinate term . . . shall be twice the term otherwise provided as punishment for the current felony conviction." Neither the phrase "the determinate term" nor the word "term," within the phrase "twice the term," is defined in the statute. However, existing statutes and Judicial Council rules provide some guidance as to the meaning of these terms. (*People* v. *Hall* (1994) 8 Cal.4th 950, 961 [35 Cal.Rptr.2d 432, 883 P.2d 974].)

The basic provisions of the determinate sentencing law are found in sections 1170, 1170.1, 1170.3 and California Rules of Court, rule 405. Section 1170.1, subdivision (a) refers to the "aggregate term," defined as the sum of the "principal term," the "subordinate term" and any "additional terms" for prior conviction enhancements. The "principal term" is defined in the same subdivision as the greatest term imposed for any of the crimes, including the base term and enhancements other than prior conviction enhancements, such as weapon, great bodily injury, value and quantity enhancements. The "subordinate term" is defined in the same subdivision: (1) for nonviolent crimes as one-third of the middle term (excluding enhancements), and (2) for violent crimes as one-third of the middle term plus one-third of enhancements. The "base term" is one of three possible terms for an offense (upper, middle, lower) or the single term. (§ 1170, subd. (b), Cal. Rules of Court, rule 405(b).) An "additional term" is any term required to be imposed other than the base term. (§§ 1170, subd. (a), 1170.1, subd.

(a); Cal. Rules of Court, rule 405(c).) "Determinate term" is not specifically defined, but includes all determinate sentences. "Determinate term," punishment for a definite period, is to be distinguished from "indeterminate term," punishment for an indefinite period up to life.

Section 667, subdivision (e)(1) prescribes that the "term otherwise provided as punishment for the current felony conviction" shall be doubled. Does the term for the current felony include enhancements for prior convictions? We conclude that it does not. The statute consistently distinguishes between the current felony conviction and prior felony convictions. Consequently, the term provided for the current felony conviction should not include any additional terms for prior convictions.[18] It is the term attributable only to the current felony conviction. Such a construction of the statute coincides with the intent of the voters in adopting the initiative. The ballot pamphlet analysis demonstrated the effect of the initiative by means of an example doubling the middle term of a serious felony and adding the five-year enhancement.

It is not clear, however, whether the term for the current felony conviction consists of the principal term or the base term. The principal term would include the base term and additional terms for enhancements related to the current felony conviction, such as weapon and great bodily injury enhancements. The base term would be only the choice of the lower, middle or upper term. We, however, need not reach this issue, because the principal term and the base term are identical in this case.

Here, the trial court selected the lower term of two years as the base term. Since there are no applicable offense-related enhancements, the base term is also the principal term. The base/principal term should have been doubled and the five-year enhancement imposed consecutively. Defendant's sentence should have been nine years instead of seven. The seven-year sentence is an unauthorized sentence and must be reversed. Since defendant pleaded guilty with the understanding he would receive a seven-year sentence, he must be given the opportunity to withdraw his guilty plea, if he chooses to do so.

### DISPOSITION

The judgment of conviction is reversed. The matter is remanded to the trial court to permit defendant to withdraw his plea if he desires to do so. If

---

[18]Our interpretation is consistent with that of the Legislation Subcommittee of the Criminal Standing Advisory Committee of the Judicial Council, Analysis of Assembly Bill No. 971 (Mar. 18, 1994) pages 10-11.

defendant elects not to withdraw his plea, the trial court shall sentence defendant to nine years in state prison.

Turner, P. J., and Godoy Perez, J., concurred.

Respondent's petition for review by the Supreme Court was denied June 1, 1995. Kennard, J., and Werdegar, J., were of the opinion that the petition should be granted.