Filed 5/19/16  P. v. Ruiz CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>FELIX CORRAL RUIZ II,<br><br>Defendant and Appellant. | F068737<br><br>(Super. Ct. No. VCF241607J)<br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Tulare County.  Joseph A. Kalashian, Judge.

Elizabeth Campbell, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Daniel B. Bernstein and Peter H. Smith, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

## INTRODUCTION

Appellant Felix Corral Ruiz II, was tried before a jury with his codefendant, Joe Valdez Dominguez.[1]  Before the trial completed, appellant negotiated a plea agreement for a sentence of 35 years in state prison.  The parties agreed he would waive his right to appeal.  No agreement or discussion occurred on the record regarding how the 35 years would be calculated.

Appellant raises three issues on appeal.  First, the parties agree, as do we, that the court imposed an unauthorized sentence in calculating the 35-year term.  As a result, appellant seeks an opportunity to withdraw his plea.  Respondent objects, contending appellant is estopped from challenging the sentence following the plea bargain.  Because appellant received the benefit of his bargain, we agree with respondent that appellant is estopped from now challenging the sentence despite the sentencing error.

Regarding appellant's two other contentions, we disagree that the fees and assessments imposed under Health and Safety Code sections 11372.5 and 11372.7 were unauthorized and should be stricken.  However, we agree that the abstract of judgment contains clerical errors.  We order correction of the abstract but otherwise affirm.

## BACKGROUND

The facts of appellant's criminal conduct are not material to his contentions on appeal.  He was charged by information with seven counts:  conspiracy (Pen. Code, § 182, subd. (a)(1)[2]; counts 1, 5 & 6); attempted murder (§§ 664/187, subd. (a); counts 2 & 3); shooting at an inhabited dwelling (§ 246; count 4); and participation in a criminal street gang (§ 186.22, subd. (a); count 7).

The following special allegations were alleged:  appellant had a prior felony conviction (§ 667.5, subd. (b); counts 1-7); a principal personally and intentionally

---

[1]     Dominguez is not a party to this present appeal.

[2]     All future statutory references are to the Penal Code unless otherwise noted.

discharged a firearm at two victims (§ 12022.53, subds. (d) & (e)(1); counts 1-4); and the crime was punishable in the state prison for life and was committed for the benefit of, at the direction of, or in association with a criminal street gang (§ 186.22, subds. (b)(5), (b)(1)(C) & (b)(1)(A); counts 1-3, 5 & 6).

Appellant pleaded no contest to two counts of attempted murder (§§ 664/187; counts 2 & 3). Regarding both counts, and as part of the plea agreement, he pleaded no contest that (1) a handgun was personally and intentionally discharged by a principal in the commission of the offenses (§ 12022.53, subd. (c)); and (2) the crimes were committed for the benefit of, at the direction of, or in association with a criminal street gang (§ 186.22, subd. (b)(1)(C)). He also pleaded no contest to a charge of conspiracy to transport a controlled substance (§ 182, subd. (a)(1); Health & Saf. Code, § 11379; count 5). The four remaining counts against him were dismissed.

At the change of plea hearing, the court advised appellant of his various rights, but the court never asked appellant if he understood he was waiving his right to appeal. For count 2, appellant was sentenced to state prison for a total of 35 years consisting of five years for the attempted murder, plus an additional and consecutive 20 years for the firearm enhancement pursuant to section 12022.53, subdivision (c), and an additional and consecutive 10 years for the gang enhancement pursuant to section 186.22, subdivision (b)(1)(C). Count 3 was sentenced identically as count 2, which was to run concurrently. For count 5, he was sentenced concurrently to state prison for three years. Various fees and fines were imposed.[3]

---

[3]  Appellant was also sentenced in companion case No. VCF207169 to a total of six years in state prison to run concurrently to the instant matter. As discussed in section III below, the abstract of judgment, which lists the convictions in both cases, contains clerical mistakes for both matters.

Appellant filed a notice of appeal, and a certificate of probable cause was issued. Via a handwritten notation, the certificate was limited to a wiretap issue that is not relevant to the present appeal.

## DISCUSSION

## I.     Appellant Is Estopped From Challenging His Sentence.

As an initial matter, appellant maintains he may bring the present appeal despite his agreement to waive appellate rights. He further contends the handwritten notation on the certificate of probable cause does not limit the issues he can raise on appeal. Respondent neither directly disputes appellant's arguments nor provides legal authority challenging these contentions.

We agree with appellant that the handwritten notation on the certificate of probable cause does not limit the scope of his appeal rights. (*People v. Hoffard* (1995) 10 Cal.4th 1170, 1180 [appellate court is permitted to consider cognizable issues in addition to those identified in a defendant's written statement to obtain a certificate of probable cause].) Further, although this record demonstrates that the parties agreed appellant would waive his appeal rights as part of the plea bargain, this record does not establish that appellant ever gave a knowing and intelligent waiver of those rights. Appellant did not orally waive his appeal rights before the trial court and no change of plea form appears in the appellate record. Accordingly, we will address appellant's contentions.

A sentence enhancement for participation in a criminal street gang may not be imposed on a person in addition to an enhancement under section 12022.53, "unless the person personally used or personally discharged a firearm in the commission of the offense." (§ 12022.53, subd. (e)(2).) Here, appellant only admitted that a principal personally discharged a firearm. Thus, we agree with the parties that the court imposed an unauthorized 10-year term for the gang enhancement pursuant to section 186.22, subdivision (b)(1)(C).

4.

Appellant contends he should be permitted to withdraw his plea.  In the alternative, he requests a remand for the trial court to determine whether he can be lawfully sentenced within the terms of the plea bargain.  If he cannot be lawfully sentenced, he maintains he should then be permitted to withdraw his plea.  Respondent argues appellant is estopped from challenging the sentence, citing *People v. Hester* (2000) 22 Cal.4th 290 (*Hester*).

In *Hester, supra,* 22 Cal.4th 290, the defendant entered no contest pleas to felony assault, burglary, misdemeanor battery, misdemeanor vandalism, and attempting to dissuade a witness.  He admitted he personally used a dangerous or deadly weapon in the commission of the felony assault, and he entered the residence with intent to commit felony assault.  In exchange for his pleas, the defendant agreed to a term of four years in state prison.  A four-year prison sentence was imposed for the burglary count, with concurrent three-year terms for the felony assault and dissuading counts, and concurrent jail terms for the misdemeanor counts.  (*Id.* at p. 293.)

On appeal, the defendant claimed, in part, that sentencing error occurred when the three-year term for the assault count was not stayed pursuant to section 654.  (*Hester, supra,* 22 Cal.4th at p. 294.)  The Court of Appeal found sentencing error and modified the judgment to stay the term for the felony assault under section 654.  However, the Supreme Court reversed the appellate court.  (*Hester,* at p. 297.)  In granting its review, the Supreme Court analyzed whether California Rules of Court, former rule 412(b)[4] is invalid because it conflicts with section 654.  (*Hester,* at p. 293.)

Former rule 412(b) provided:  "By agreeing to a specified prison term personally and by counsel, a defendant who is sentenced to that term or a shorter one abandons any claim that a component of the sentence violates [Penal Code] section 654's prohibition of

---

**4**    Former rule 412 of California Rules of Court was renumbered rule 4.412 and amended effective January 1, 2001.  All future references to rules are to the California Rules of Court unless otherwise noted.

double punishment, unless that claim is asserted at the time the agreement is recited on the record." In reversing, *Hester* noted that a section 654 claim is ordinarily not waived from a failure to object in the trial court. (*Hester, supra,* 22 Cal.4th at p. 295.) *Hester*, however, also noted an exception to this rule: "Where the defendants have pleaded guilty in return for a *specified* sentence, appellate courts will not find error even though the trial court acted in excess of jurisdiction in reaching that figure, so long as the trial court did not lack *fundamental* jurisdiction. The rationale behind this policy is that defendants who have received the benefit of their bargain should not be allowed to trifle with the courts by attempting to better the bargain through the appellate process. [Citations.]" (*Ibid.*, original italics.)

Hester found that the defendant's acceptance of the plea bargain was an implicit waiver of section 654 rights, and it found no conflict between rule 412(b) and section 654. (*Hester, supra,* 22 Cal.4th at p. 295.) The Supreme Court stated: "'When a defendant maintains that the trial court's sentence violates rules which would have required the imposition of a more lenient sentence, yet the defendant avoided a potentially harsher sentence by entering into the plea bargain, it may be implied that the defendant waived any rights under such rules by choosing to accept the plea bargain.' [Citation.]" (*Ibid.*)

Appellant contends *Hester* is distinguishable as it dealt with section 654, and he argues *Hester* should not apply because he is not asking this court to reduce his sentence. He also points to rule 4.412(a), which states: "It is an adequate reason for a sentence or other disposition that the defendant, personally and by counsel, has expressed agreement that it be imposed and the prosecuting attorney has not expressed an objection to it. The agreement and lack of objection must be recited on the record. This section does not authorize a sentence that is not otherwise authorized by law."

Here, appellant entered a plea of no contest in return for a specified sentence. Although the trial court acted in excess of jurisdiction regarding how it reached the

6.

35-year prison term, the trial court did not lack fundamental jurisdiction. Under the holding and reasoning in *Hester*, it is implied that appellant waived any claim of sentencing error because he received the benefit of his bargain and avoided a potentially harsher sentence. (*Hester, supra,* 22 Cal.4th at p. 295.) Appellant is not allowed to improve his bargaining position through the appellate process.

Moreover, although *Hester* dealt with section 654, the Supreme Court relied upon *People v. Couch* (1996) 48 Cal.App.4th 1053 (*Couch*) in rendering its opinion. (*Hester, supra,* 22 Cal.4th at p. 295.) *Couch* did not involve section 654.

In *Couch*, the defendant pleaded no contest to a single count of forgery and admitted a prior serious felony conviction within the meaning of section 667, subdivisions (b) through (i). The admissions were part of a plea bargain to accept a 32-month state prison sentence. The trial court imposed the agreed sentence, and the defendant appealed, asserting that sentencing error occurred because the trial court failed to sentence him under section 1170 rather than section 667, subdivisions (b) through (i). The defendant asserted that his prior conviction did not qualify for treatment under section 667 as it occurred prior to the enactment of these provisions. (*Couch, supra,* 48 Cal.App.4th at pp. 1055, 1057-1058.) *Couch* dismissed these contentions, finding that the defendant accepted the plea bargain for a specific term which included an admission of a prior conviction allegation which would necessarily result in a sentence under section 667, subdivisions (b) through (i), rather than section 1170. It was further noted that the trial court could have imposed a longer sentence than the agreed upon term. The defendant was deemed estopped from challenging his sentence because he accepted it. (*Couch,* at p. 1058.)

Here, similar to *Couch*, appellant accepted the plea bargain for a specific term, which included enhancement admissions under section 12022.53, subdivision (c), and section 186.22, subdivision (b)(1)(C). It necessarily resulted that appellant's sentence would be based upon those admissions. Appellant is estopped from challenging the

7.

legality of how that sentence was construed following his agreement. (See *Couch, supra,* 48 Cal.App.4th at p. 1058.)

Our conclusion is also supported by this court's opinion in *People v. Miller* (2012) 202 Cal.App.4th 1450 (*Miller*). In *Miller,* the defendant appealed the trial court's denial of his motion to vacate his plea and modify his conviction from a felony to a misdemeanor. (*Id.* at p. 1452.) On appeal, the Attorney General conceded that the plea agreement was in error because appellant pleaded no contest to felony possession of diazepam (Valium), but possession of diazepam is at most a misdemeanor. (*Id.* at p. 1455 & fn. 3; Health & Saf. Code, § 11375, subd. (b)(1).) This court agreed that error occurred in charging and accepting the plea as a felony. However, *Miller* concluded the defendant was estopped from vacating his plea and modifying his conviction. (*Id.* at pp. 1452-1453.)

After analyzing the relevant case law, *Miller* noted the defendant was advised before sentencing regarding the consequences of a plea agreement. The defendant's criminal conduct was deemed serious and jeopardized the safety and well-being of other motorists when he drove his vehicle far in excess of the speed limits while under the influence of diazepam. The record made no indication that the prosecution would have been unable to prove the remaining felony charged in the complaint (felony possession of Vicodin), or that the sentence imposed for that felony would have been different from the actual sentence imposed. *Miller* determined the case did not involve the wrongful conviction of an innocent person, or a legal mistake so egregious that vacating the plea was the only equitable result. (*Miller, supra,* 202 Cal.App.4th at pp. 1459-1460.)

Here, similar to *Miller*, appellant was advised before sentencing regarding the consequences of a plea agreement. Appellant's admitted criminal conduct was serious and there is no indication that the prosecution would have been unable to prove the remaining felonies charged against him. This case does not involve an innocent person wrongfully convicted.

8.

Appellant cites *People v. Superior Court (Sanchez)* (2014) 223 Cal.App.4th 567 (*Sanchez*); *People v. Ramirez* (1995) 33 Cal.App.4th 559 (*Ramirez*); and *People v. Baries* (1989) 209 Cal.App.3d 313 (*Baries*) as authority that an illegal sentence cannot stand even if it is the result of a negotiated plea. These authorities do not alter our conclusion.

First, in *Sanchez*, the defendant negotiated a plea that was unauthorized by law because it required a penalty not available for the crime. At sentencing, the trial court reformed the plea bargain by reducing the penalty to the authorized term. The People filed a petition with the appellate court seeking a writ directing the trial court to vacate the plea bargain. The appellate court concluded that the trial court exceeded its jurisdiction by reforming the negotiated plea because it denied the People the benefit of their bargain. (*Sanchez, supra,* 223 Cal.App.4th at pp. 569-570.) In reaching this conclusion, *Sanchez* noted that each party benefits from a negotiated plea agreement. The People obtain a guilty or no contest plea, often with an agreed prison term, while the defendant obtains less severe punishment. Contract principles are used to interpret negotiated plea agreements. (*Id.* at pp. 572-573.) Once the parties agree to the terms, both parties must abide by the terms. "Once the trial court approves the plea bargain, it cannot change the agreement without the consent of the parties. [Citation.] The court lacks jurisdiction to alter the terms and must impose a sentence within the limits of the bargain." (*Id.* at p. 573.)

*Sanchez* noted that the plea should not have been entered into because it was defective. It determined that the judgment must be reversed, the plea vacated, and the parties placed back in their respective positions before the plea bargain. *Sanchez* held that the trial court erred by denying the People's request to vacate the plea, and by imposing an alternative sentence. (*Sanchez, supra,* 223 Cal.App.4th at p. 577.) The lower court was directed to vacate the sentence and the plea bargain, reinstate the dismissed counts, and the defendant was allowed to withdraw his no contest plea. (*Id.* at pp. 577-578.)

9.

Here, unlike in *Sanchez*, the trial court entered a sentence that complied with the parties' agreement and it did not impose a lesser term of imprisonment. Neither party made a request to vacate the plea in the lower court. *Sanchez* did not analyze the doctrine of estoppel and it is distinguishable.

Second, in *Ramirez, supra,* 33 Cal.App.4th 559, the prosecution appealed from a judgment of conviction following a guilty plea by the defendant. The plea agreement contemplated a seven-year sentence in state prison, which the trial court imposed. In doing so, the trial court did not double a burglary term as prescribed in section 667, subdivision (e)(1), which would have resulted in a nine-year sentence. (*Ramirez,* at pp. 561-562.) On appeal, *Ramirez* determined the defendant's sentence should have been nine years instead of seven, and the seven-year sentence was unauthorized. Because the defendant pleaded guilty with the understanding he would receive a seven-year sentence, the matter was remanded to permit the defendant an opportunity to withdraw his plea if he so desired. (*Id.* at pp. 574-575.)

Here, unlike in *Ramirez*, the sentencing error did not result in a longer sentence than what the parties agreed, triggering the need to give appellant an opportunity to withdraw his plea. *Ramirez* did not analyze estoppel, and it predated the Supreme Court's opinion in *Hester, supra,* 22 Cal.4th 290. *Ramirez* does not establish that the present matter must be remanded.

Finally, in *Baries, supra,* 209 Cal.App.3d 313, the defendant pleaded guilty to various charges. When she committed the crimes, the defendant was on bail for offenses committed in another county for which she was later sentenced to prison. The trial court imposed a sentence that was to run concurrently with the sentence in the other county. Concurrency was an express condition of the plea. However, the district attorney objected that the concurrent sentences were unauthorized by law. The trial court dismissed the objection and imposed the concurrent sentences. On appeal, however, the *Baries* court determined that the concurrent sentences were unauthorized. (*Id.* at pp. 316-

10.

317.) The sentence was vacated and the defendant was given the opportunity to withdraw her plea because it could not be honored. (*Id.* at p. 319.)

Here, unlike in *Baries*, neither party objected in the lower court regarding the imposition of this sentence. Although *Baries* vacated the sentence because the sentence was unauthorized, *Baries* did not analyze estoppel, and it predated the Supreme Court's opinion in *Hester, supra,* 22 Cal.4th 290. *Baries* is distinguishable.

Based on the foregoing, appellant is estopped from now challenging the sentence. He received the benefit of his negotiated agreement.

## II.     The Fees And Assessments Under Health And Safety Code Sections 11372.5 And 11372.7 Were Properly Imposed.

Appellant asserts that the fees imposed under Health and Safety Code sections 11372.5 and 11372.7 were unauthorized. He asks this court to strike them.

### A.     Background.

Regarding count 5, appellant pleaded no contest to conspiracy to commit a crime in violation of Health and Safety Code section 11379. At sentencing, the court imposed $600 in fees and penalty assessments for count 5 (conspiracy), which consisted, in part, of $50 pursuant to Health and Safety Code section 11372.5, and $100 pursuant to Health and Safety Code section 11372.7.

### B.     Standard of review.

It is a pure question of law whether penalty assessments should be imposed. Accordingly, a de novo standard of review is used on appeal. (*People v. Moore* (2015) 236 Cal.App.4th Supp. 10, 14.)

### C.     Analysis.

Appellant contends the fees imposed pursuant to Health and Safety Code sections 11372.5 and 11372.7 do not apply to a conspiracy conviction. He relies upon *People v. Vega* (2005) 130 Cal.App.4th 183 (*Vega*). He further argues his counsel rendered ineffective assistance if this issue is deemed forfeited on appeal.

11.

Respondent asserts that appellant forfeited this issue on appeal because he failed to object to the fees and assessments at sentencing. If forfeiture did not occur, respondent relies principally upon *People v. Sharret* (2011) 191 Cal.App.4th 859 (*Sharret*) for the proposition these fees were properly imposed.

### 1. Appellant forfeited this issue.

"Ordinarily, a criminal defendant who does not challenge an assertedly erroneous ruling of the trial court in that court has forfeited his or her right to raise the claim on appeal. [Citations.]" (*In re Sheena K.* (2007) 40 Cal.4th 875, 880.) The forfeiture rule generally applies to sentencing. (*Id.* at p. 881.)

Here, appellant failed to challenge below the assertedly erroneous imposition of these fees. Accordingly, he is deemed to have forfeited his right to raise this claim on appeal. In any event, we also reject his arguments on the merits.

### 2. The fees were properly imposed.

Following a conviction for conspiracy, the defendant is to be punished "in the same manner and to the same extent as is provided for the punishment of that felony." (§ 182, subd. (a).) "[Health and Safety Code] sections 11372.5 and 11372.7 each require the court to impose specified fees on defendants convicted of certain specified drug offenses. Each such fee is to be collected by the local county and used under [Health and Safety Code] section 11372.5, subdivision (b) to offset the administrative costs of laboratory testing of suspected drug samples, and under [Health and Safety Code] section 11372.7, subdivision (c) to fund local drug abuse treatment and prevention programs." (*People v. Moore, supra,* 236 Cal.App.4th Supp. at p. 15, fn. omitted.)

Here, the court imposed $600 in fees and penalty assessments for count 5 (conspiracy), which consisted, in part, of $50 pursuant to Health and Safety Code section 11372.5, and $100 pursuant to Health and Safety Code section 11372.7. The issue is whether these fees constituted "punishment" such that the court properly imposed them against appellant for his conspiracy to commit the drug offense. (§ 182, subd. (a).)

12.

### a. Health and Safety Code section 11372.5.

Health and Safety Code section 11372.5 imposes a "criminal laboratory analysis fee" on defendants who are convicted of enumerated drug offenses, including a violation of Health and Safety Code section 11379. (Health & Saf. Code, § 11372.5, subd. (a).) The sentencing court is to increase the total fine necessary to include this increment. (*Ibid.*) A "fine" not in excess of $50 is imposed, which is deposited into a "criminalistics laboratories fund" for every conviction of certain enumerated drug offenses. (*Id.,* at subds. (a) & (b).)

There is a conflict of authority regarding the criminal laboratory analysis fee under Health and Safety Code section 11372.5. In *Vega, supra,* 130 Cal.App.4th 183, the Second District Court of Appeal (Division Seven) concluded that this fee did not qualify as "punishment" within the meaning of section 182, subdivision (a), and the fee was improperly imposed upon the defendants who were convicted of conspiracy to transport cocaine. (*Vega,* at pp. 185, 194-195.) Appellant urges this court to follow *Vega*.

In contrast, in *Sharret, supra,* 191 Cal.App.4th 859, the Second District Court of Appeal (Division Five) concluded that this same fee constituted punishment. (*Id.* at p. 869.) Respondent urges us to follow *Sharret*. We agree with *Sharret* that the fee under Health and Safety Code section 11372.5 constitutes punishment.

As *Sharret* analyzed and determined, the language of Health and Safety Code section 11372.5 provides that the laboratory analysis fee is punitive in nature because a sentencing court is to increase the total fine in increments as necessary for each separate offense. (*Sharret, supra,* 191 Cal.App.4th at pp. 869-870.) The fee may only be imposed upon a criminal conviction and it has no application in a civil context. (*Id.* at p. 870.) The fee is assessed in proportion to a defendant's culpability. The fee is mandatory and without an "ability to pay requirement." The fees are used for law enforcement purposes, and "earmarked for the criminalistics laboratories fund, which has no civil purpose."

13.

(*Ibid.*)  There is no evidence Health and Safety Code section 11372.5 "was a mere budget measure" like other statutory fees.  (*Sharret*, at p. 870.)

In *Vega, supra,* 130 Cal.App.4th 183, the appellate court acknowledged that "[a] cogent argument can be made from the language of Health and Safety Code section 11372.5, subdivision (a) the Legislature intended the $50 laboratory 'fee' to be an additional punishment for conviction of one of the enumerated felonies."  (*Vega, supra,* 130 Cal.App.4th at p. 194.)  This is because the statute refers to the "fee" as a "fine" which may be imposed in increments reflecting the number of offenses committed in addition to any other "penalty" prescribed by law.  (*Ibid.*; Health & Saf. Code, § 11372.5, subd. (a).)

*Vega* found support for this interpretation from *People v. Talibdeen* (2002) 27 Cal.4th 1151 (*Talibdeen*), in which our Supreme Court held the penalty assessments applicable to "'every fine, penalty, or forfeiture'" applied to the laboratory analysis fee in Health and Safety Code section 11372.5.  (*Talibdeen,* at pp. 1153-1154.)  However, *Vega* found *Talibdeen* not controlling because the Supreme Court assumed (along with the parties in that case) that the laboratory analysis fee was a punishment and *Talibdeen* did not analyze that issue.  (*Vega, supra,* 130 Cal.App.4th at p. 195.)

The *Vega* court found the labels "fee" or "fine" not a dispositive indicator of an intent to be punitive, particularly when the Legislature used both terms in the same statute.  (*Vega, supra,* 130 Cal.App.4th at p. 195.)  "Fines are imposed for retribution and deterrence; fees are imposed to defray administrative costs."  (*Ibid.*)  *Vega* held "the main purpose of Health and Safety Code section 11372.5 is not to exact retribution against drug dealers or to deter drug dealing … but rather to offset the administrative cost of testing the purported drugs the defendant transported or possessed for sale in order to secure his conviction."  (*Ibid.*)  "The legislative description of the charge as a 'laboratory *analysis* fee' strongly supports our conclusion, as does the fact the charge is a flat amount, it does not slide up or down depending on the seriousness of the crime, and the

14.

proceeds from the fee must be deposited into a special 'criminalistics laboratories fund' maintained in each county by the county treasurer." (*Ibid.*)

We find *Sharret* more persuasive than *Vega* and adopt its conclusion that the fee in Health and Safety Code section 11372.5 is punitive. Although this section refers to the imposition of a "fee," the section reflects the imposition of both a fine and a penalty, especially when considered with other statutes. (Health & Saf. Code, §§ 11372.5, subd (a), 11502, subd. (a); Pen. Code, §§ 1205, 1464.8.) Other courts have found this fee mandatory and a fine. (See *People v. Taylor* (2004) 118 Cal.App.4th 454, 456 [this fee is mandatory]; *People v. Turner* (2002) 96 Cal.App.4th 1409, 1413 [this fee is mandatory and subject to mandatory penalty assessments]; *People v. Martinez* (1998) 65 Cal.App.4th 1511, 1522 [the laboratory fee is a fine]; *People v. Clark* (1992) 7 Cal.App.4th 1041, 1050 [this fee is mandatory].) Accordingly, we deem the fee under Health and Safety Code section 11372.5 to be a "punishment" such that the court properly imposed it against appellant under Penal Code section 182, subdivision (a). (*Sharret, supra,* 191 Cal.App.4th at p. 870.)

### b.  Health and Safety Code section 11372.7.

Health and Safety Code section 11372.7 imposes a "drug program fee" not to exceed $150 on defendants convicted of drug offenses, including a violation of Health and Safety Code section 11379. (Health & Saf. Code, § 11372.7, subd. (a).) The Legislature authorized sentencing courts to "increase the total fine, if necessary, to include this increment, which shall be in addition to any other penalty prescribed by law." (*Ibid.*) The sentencing court is to determine if the defendant has the ability to pay this fee, and, if so, a reasonable amount is imposed. (*Id.,* at subd. (b).)

In *People v. Sierra* (1995) 37 Cal.App.4th 1690 (*Sierra*), this court ruled that Health and Safety Code section 11372.7 "is a fine and/or a penalty to which the penalty assessment provisions of Penal Code section 1464 and Government Code section 76000 apply." (*Sierra,* at p. 1696.) This court concluded that the interchangeable use of the

terms fee and fine, coupled with the "'any other penalty'" language signaled that the drug program fee was penal in nature. (*Id.* at pp. 1695-1696.)

Based on the prior holding of this court in *Sierra, supra,* 37 Cal.App.4th 1690, the fee under Health and Safety Code section 11372.7 constituted punishment. Accordingly, the court properly imposed it against appellant. (§ 182, subd. (a).)[5]

### III. The Abstract Of Judgment Contains Clerical Errors.

The parties agree that the abstract of judgment contains the following clerical errors. Four enhancements under section 12022.53, subdivision (c), are listed, two of which are marked as "stayed." However, the trial court imposed sentence on this enhancement only twice.

In addition, a total of three prior prison terms are listed under section 667.5, subdivision (b). At sentencing, however, the trial court imposed sentence only once pursuant to section 667.5, subdivision (b).

We agree that these corrections must be made. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185 [abstract of judgment may not add to or modify the trial court's oral pronouncement of judgment].) Accordingly, the trial court shall prepare an amended abstract of judgment that strikes the two stayed enhancements pursuant to section 12022.53, subdivision (c); and the two stayed enhancements pursuant to section 667.5, subdivision (b).

A disagreement exists, however, regarding appellant's final contention. For companion case No. VCF207169, the abstract lists enhancement allegations pursuant to section 12022, subdivision (c), and Health and Safety Code section 11370.2, subdivision (c). When sentencing appellant, the sentencing court did not orally impose these

---

**5** Because the imposition of these fees was proper, we reject appellant's contention that his counsel rendered ineffective assistance for not objecting in the lower court. Counsel need not make meritless objections to avoid an appellate claim of ineffective assistance. (*People v. Ochoa* (1998) 19 Cal.4th 353, 432.)

16.

enhancements. Appellant contends these enhancements must be stricken from the abstract. Respondent objects and contends these enhancements appear in the probation report so they should not be struck.

Generally, the court's oral pronouncement of judgment prevails over the abstract of judgment to the extent there is a conflict. (*People v. Delgado* (2008) 43 Cal.4th 1059, 1070.) When a discrepancy exists between the court's oral pronouncement of judgment and the abstract of judgment, the abstract must be amended. (*People v. Mitchell, supra,* 26 Cal.4th at pp. 185-186.)

Here, at sentencing, the court did not pronounce sentence regarding section 12022, subdivision (c), or Health and Safety Code section 11370.2, subdivision (c). Accordingly, the abstract must be amended to reflect the oral pronouncement of sentence.

## DISPOSITION

This matter is remanded to the trial court to correct the abstract of judgment as follows: the court shall strike (1) the two stayed enhancements pursuant to Penal Code section 12022.53, subdivision (c); (2) the two stayed enhancements pursuant to Penal Code section 667.5, subdivision (b); (3) the stayed enhancement pursuant to Penal Code section 12022, subdivision (c); and (4) the stayed enhancement pursuant to Health and Safety Code section 11370.2, subdivision (c). The trial court shall then forward the amended abstract of judgment to the appropriate authorities. The judgment is otherwise affirmed.

_____
LEVY, Acting P.J.

WE CONCUR:


_____
DETJEN, J.


_____
FRANSON, J.

17.