[No. F025922. Fifth Dist. Oct. 29, 1997.]

THE PEOPLE, Plaintiff and Respondent, v.
SCOTT CHASSON GRIGGS, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

\*Pursuant to California Rules of Court, rule 976(b), this opinion is certified for publication with the exception of the paragraph entitled "Lack of Express Finding of Fitness."

558

**Counsel**

William A. Malloy, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Stan Cross and Jean M. Marinovich, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

THAXTER, J.—Scott Chasson Griggs pled no contest to one count of receiving stolen property (Pen. Code, § 496, subd. (a))[1] and admitted allegations that he had been convicted of residential burglary in juvenile court, a "strike" offense within the meaning of the three strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(e)), and that he had served a prior prison term within the meaning of section 667.5, subdivision (b). The court imposed a five-year prison term (the two-year midterm, doubled pursuant to section 667, subdivision (e)(1), plus one year for the prior prison commitment).

Appellant contends the judgment must be set aside because he entered his plea on the erroneous belief that his juvenile adjudication for residential burglary was a strike prior conviction subjecting him to enhanced punishment under section 667. On appeal, he submits his juvenile adjudication was not a "prior felony conviction" within the terms of the three strikes law because (1) it was not accompanied by an express finding that he was a fit and proper subject to be dealt with under the juvenile court law, and (2) the adjudication was not for a crime listed in Welfare and Institutions Code section 707, subdivision (b). We will reject the contentions and affirm the judgment.

### FACTS

A Clovis police officer located a truck, reported stolen, in the garage of the house where appellant lived. The truck was in the process of being stripped. Appellant told the officer he had allowed a friend to park the vehicle in his garage although he knew it was stolen.

### DISCUSSION

*Appellant's Juvenile Adjudication Qualifies as a Strike Offense Under Section 667, Subdivision (d)(3)(C) and (D)*

Section 667, subdivision (d)(3) provides that a prior juvenile adjudication shall constitute a prior felony conviction for purposes of sentence enhancement if:

---

[1]Further statutory references are to the Penal Code unless otherwise indicated.

"(A) The juvenile was 16 years of age or older at the time he or she committed the prior offense.

"(B) The prior offense is listed in subdivision (b) of Section 707 of the Welfare and Institutions Code or described in paragraph (1) or (2) as a felony.

"(C) The juvenile was found to be a fit and proper subject to be dealt with under the juvenile court law.

"(D) The juvenile was adjudged a ward of the juvenile court within the meaning of Section 602 of the Welfare and Institutions Code because the person committed an offense listed in subdivision (b) of Section 707 of the Welfare and Institutions Code."

 Appellant submits his juvenile adjudication does not qualify as a strike under section 667, subdivision (d)(3)(C) and (D). We disagree.

*Lack of Express Finding of Fitness**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Welfare and Institutions Code Section 707, Subdivision (b)*[3]

Appellant's juvenile adjudication was for residential burglary. As previously set out, section 667, subdivision (d)(3) provides in part that a prior juvenile adjudication constitutes a strike if:

"(B) The prior offense is listed in subdivision (b) of Section 707 of the Welfare and Institutions Code or described in paragraph (1) [i.e., defined in section 667.5, subdivision (c) as a violent felony or defined in section 1192.7, subdivision (c) as a serious felony] or (2) as a felony.

". . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(D) The juvenile was adjudged a ward of the juvenile court within the meaning of Section 602 of the Welfare and Institutions Code because the person committed an offense listed in subdivision (b) of Section 707 of the Welfare and Institutions Code."

Residential burglary constitutes a serious felony under subdivision (c)(18) of section 1192.7. Appellant's juvenile adjudication therefore met the requirement of section 667, subdivision (d)(3)(B). The offense is not, however,

---

*See footnote, *ante,* page 557.

[3]This issue was left "for another day" in *People* v. *Davis* (1997) 15 Cal.4th 1096, 1103 [64 Cal.Rptr.2d 879, 938 P.2d 938].

listed in Welfare and Institutions Code section 707, subdivision (b). Therefore, the offense does not meet the requirement of section 667, subdivision (d)(3)(D) if that provision is read literally. In this regard, however, we must determine whether the literal meaning of the statute comports with its purpose and whether the literal construction of one provision is consistent with other provisions of the statute. (*People* v. *Ramirez* (1995) 33 Cal.App.4th 559, 563 [39 Cal.Rptr.2d 374].) ▪ The meaning of a statute may not be determined from a single word or sentence; the words must be construed in context, and provisions relating to the same subject matter must be harmonized to the extent possible. Literal construction should not prevail if it is contrary to the legislative intent apparent in the statute. The intent prevails over the letter, and the letter will, if possible, be read to conform to the spirit of the act. An interpretation that renders related provisions nugatory must be avoided; each sentence must be read in light of the entire statutory scheme. (*Ibid.*)

▪ Regarding section 667, subdivision (d)(3)(D), the failure to include those offenses "described in paragraph (1) or (2) as a felony" (§ 667, subd. (d)(3)(B)) must be viewed as a drafting oversight. There is no other rational explanation for the omission. It would make no sense to require a prior offense to be listed in statute A—even if it was not listed in statute B—but then to bar use of the resulting adjudication because the adjudicated offense was not listed in statute B. We will not presume the Legislature intended such a bizarre result. Moreover, it makes no sense—and would frustrate the express intent of the three strikes law (see § 667, subd. (b))—to allow the use of juvenile adjudications as "strikes" but to permit only adults to incur a "strike" as the result of an offense listed in section 667.5, subdivision (c), or section 1192.7, subdivision (c). Under these circumstances, appellant's juvenile adjudication met the requirements of section 667, subdivision (d)(3)(D).

Appellant notes that the drafters of the initiative version of the three strikes law intended to include some, but not all, juvenile adjudications as strikes for sentencing purposes. ". . . [S]pecified crimes committed by a minor, who was at least age 16 at the time of the crime, count as a previous conviction. These specified crimes generally include the same crimes defined as serious and violent felonies." (Ballot Pamp., analysis of Prop. 184 as presented to the voters, Gen. Elec. (Nov. 8, 1994) p. 33.)[4] That proposition does not compel a different result, however. The dividing line between those adjudications used as strikes and those ineligible for such status does not

---

[4]Pursuant to Evidence Code sections 452 and 459, we grant appellant's request to take judicial notice of the ballot statement regarding Proposition 184. (*People* v. *Superior Court (Romero)* (1996) 13 Cal.4th 497, 504, fn. 1 [53 Cal.Rptr.2d 789, 917 P.2d 628].)

depend on whether the offense is listed in Welfare and Institutions Code section 707, subdivision (b), but rather on whether the offender was 16 or 17 years old and committed a specified offense.

Accordingly, appellant did not enter his plea under a mistake of fact or law regarding whether his prior juvenile adjudication constituted a strike and his trial counsel did not render ineffective assistance by advising him that the prior adjudication subjected him to enhanced punishment under section 667.

### DISPOSITION

Affirmed.

Stone (W. A.), Acting P. J., and Vartabedian, J., concurred.

Appellant's petition for review by the Supreme Court was denied February 18, 1998. Mosk, J., Kennard, J., and Werdegar, J., were of the opinion that the petition should be granted.