100 Cal.Rptr.2d 544 (2000)
84 Cal.App.4th 20
The PEOPLE, Plaintiff and Respondent,
v.
Sam MacKay JOHNSON Defendant and Appellant.
No. B138497.
Court of Appeal, Second District, Division Six.
October 5, 2000.
Review Denied January 24, 2001.[*]
*545 George O. Benton, under appointment by the Court of Appeal, Santa Rosa, for Defendant and Appellant.
Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Carol Wendelin Pollack, Senior Assistant Attorney General, Linda C. Johnson, Supervising Deputy Attorney General,
David A. Wildman, Deputy Attorney General, for Plaintiff and Respondent.
YEGAN, J.
Sam MacKay Johnson appeals from the judgment entered following his no contest pleas to selling cocaine (Health & Saf. Code, § 11352, subd. (a)) and possessing cocaine for sale (Health & Saf.Code, § 11351.5). Appellant admitted three prior prison terms (Pen.Code, § 667.5, subd. (b)) as well as two prior juvenile adjudications and one prior felony conviction within the meaning of California's "Three Strikes" law (Pen.Code, §§ 667, subds.(b)(i), 1170.12). The juvenile adjudications were for residential burglary. Pursuant to a negotiated disposition, the trial court struck the juvenile adjudications and sentenced appellant to prison for 15 years, 8 months.
After appellant was sentenced, our Supreme Court held that a juvenile adjudication for residential burglary does not qualify as a "strike." (People v. Garcia (1999) 21 Cal.4th 1, 87 Cal.Rptr.2d 114, 980 P.2d 829.) Appellant alleges that he would not have entered his pleas and admissions had his counsel informed him that the juvenile adjudications were not valid "strikes." He contends that counsel was ineffective in failing to anticipate the Garcia decision. We affirm.[1]

Discussion
A defendant who pleads guilty and admits an enhancement is not entitled to withdraw his plea and admission because a subsequent judicial decision has reduced the maximum penalty for the charged offense and enhancement. As the United States Supreme Court has indicated, "a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested *546 on a faulty premise. A plea of guilty triggered by the expectations of a competently counseled defendant that the State will have a strong case against him is not subject to later attack because the defendant's lawyer correctly advised him with respect to the then existing law as to possible penalties but later pronouncements of the courts ... hold that the maximum penalty for the crime in question was less than was reasonably assumed at the time the plea was entered." (Brady v. United States (1970) 397 U.S. 742, 757, 90 S.Ct. 1463, 25 L.Ed.2d 747; see also People v. Camenisch (1985) 166 Cal.App.3d 594, 607, 212 Cal.Rptr. 616.) Our own California Supreme Court has similarly indicated, "we cannot expect an attorney to anticipate that an appellate court will later interpret the controlling sections in a manner contrary to the apparently prevalent contemporaneous interpretation." (In re Gladys R. (1970) 1 Cal.3d 855, 861, 83 Cal.Rptr. 671, 464 P.2d 127.)
Appellant contends that he was denied the effective assistance of counsel because counsel misadvised him of the then existing statutory law when he entered his pleas and admissions. He argues that Garcia only clarified statutory law which at all times excepted juvenile adjudication for residential burglary from the three strikes law. This is a myopic reading of the law as of the time of the negotiated disposition. Then, the only case law directly on point was People v. Griggs (1997) 59 Cal.App.4th 557, 69 Cal.Rptr.2d 174. Griggs held that a juvenile adjudication for residential burglary was a "strike." Defense counsel was then required to consider the purport of the statutory scheme as construed by the Court of Appeal and advise his client accordingly. Garcia expressly disapproved Griggs. (People v. Garcia, supra, 21 Cal.4th at p. 13, 87 Cal.Rptr.2d 114, 980 P.2d 829.) Until that disapproval, Griggs was binding on all trial courts under the doctrine of stare decisis. "Decisions of every division of the District Courts of Appeal are binding upon ... all the superior courts of this state.... Courts exercising inferior jurisdiction must accept the law declared by courts of superior jurisdiction." (Auto Equity Sales, Inc. v. Superior Court (1962) 57 Cal.2d 450, 455, 20 Cal.Rptr. 321, 369 P.2d 937.) Thus, Garcia changed existing law.[2]
Counsel cannot be faulted for a lack of clairvoyance. Counsel "is expected ... to possess knowledge of those plain and elementary principles of law which are commonly known by well informed attorneys, and to discover those additional rules of law which, although not commonly known, may readily be found by standard research techniques." (Smith v. Lewis (1975) 13 Cal.3d 349, 358, 118 Cal.Rptr. 621, 530 P.2d 589.) Here, it was reasonable for appellant's trial counsel to rely on Griggs at the time he advised appellant to enter into the negotiated disposition.

Disposition
The judgment is affirmed.
GILBERT, P.J., and COFFEE, J., concur.
NOTES
[*] In denying review, the Supreme Court ordered that the opinion be not officially published. (See California Rules of CourtRules 976 and 977).
[1] By separate orders, we deny two petitions for writ of habeas corpus. (B138651. B142559.)
[2] Prior to appellant's pleas and admissions, the California Supreme Court had indicated: "We decline under these circumstances to decide whether defendant's juvenile adjudication for residential burglary also counts as a `strike.' We therefore leave this issue for another day." (People v. Davis (1997) 15 Cal.4th 1096, 1103, 64 Cal.Rptr.2d 879, 938 P.2d 938.) The commendable restraint exercised by our California Supreme Court is but another way of saying, "[w]ise adjudication has its own time for ripening." (State of Maryland v. Baltimore Radio Show (1950) 338 U.S. 912, 918, 70 S.Ct. 252, 255, 94 L.Ed. 562, 566.) The Supreme Court did not signal that it would decide the Garcia case in the way that it did and defense counsel could not so opine based upon People v. Davis.