[No. E028003. Fourth Dist., Div. Two. Aug. 9, 2001.]

In re JOSHUA M., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
JOSHUA M., Defendant and Appellant.

## COUNSEL

Gregory L. Cannon, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, James D. Dutton and Melissa A. Mandel, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

McKINSTER J.—On August 9, 2000, the trial court made a true finding that Joshua M. (minor) had committed the crime of unlawful peeking. (Pen. Code, § 647, subd. (i).)[1] At the dispositional hearing, the minor was declared a ward of the court, placed on probation, and ordered to serve 18 days in juvenile hall. The minor contends that the true finding in this matter must be reversed because section 647, subdivision (i), required the People to prove that the minor peeked through the victim's blinds with the intent to commit an offense if the opportunity arose, and the record is devoid of any evidence to support such an intent. We determine that intent to commit an offense if the opportunity to do so arises is not an element of the offense of unlawful peeking. Therefore, we do not consider minor's substantial evidence issue.

### FACTS

On October 27, 1999, at approximately 5:45 a.m., the victim was getting dressed for school in her bedroom. The victim's bedroom was in the front of

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

the house facing the street. The victim had pink miniblinds which were closed. The victim's window was separated from the street by a sidewalk, some grass, and a row of bushes which take up about 25 feet of the property.

When the victim finished getting ready for school, she walked outside and found a note on her porch. The note informed the victim that the writer knew that she had been wearing a white bra and underwear the preceding morning, that she had pink blinds, and that her dresser was located on the right side of her bedroom. The note also warned the victim that she had "better watch for Peeping Tom to strike again."

The victim brought the note to school and gave it to the head of security. The following day, the head of security gave the note to a deputy sheriff who was on duty as the school resource officer. The deputy called the minor into his office and read him his *Miranda*[2] rights. The minor waived his rights and spoke to the deputy about the note.

The minor admitted that he was on the victim's property and had peeked through the blinds. The minor accurately described the blinds and the location of the victim's dresser, and he stated that he saw the victim wearing a white bra and panties. The deputy went to the victim's home and saw that she had pink blinds covering her window. The deputy looked through the victim's blinds in the closed position and could see inside the room through the spaces. The deputy also observed several footprints beneath her window.

## DISCUSSION

The minor contends that the true finding in this matter must be reversed because section 647, subdivision (i) required the People to prove that he peeked through the victim's blinds with the intent to commit an offense if the opportunity is discovered. We disagree.

" 'When statutory language is clear and unambiguous, there is no need for construction and courts should not indulge in it.' (*People* v. *Overstreet* (1986) 42 Cal.3d 891, 895 [231 Cal.Rptr. 213, 726 P.2d 1288]; see also *People* v. *Valladoli* (1996) 13 Cal.4th 590, 597 [54 Cal.Rptr.2d 695, 918 P.2d 999] ['Our first step is to scrutinize the actual words of the statute, giving them a plain and commonsense meaning.']; *People* v. *Jones* (1993) 5

---

[2]*Miranda v. Arizona* (1966) 384 U.S. 436 [86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974].

Cal.4th 1142, 1146 [22 Cal.Rptr.2d 753, 857 P.2d 1163] [' " 'If the language is clear and unambiguous there is no need for construction . . . .' " ']; *People* v. *Ramirez* (1995) 33 Cal.App.4th 559, 566 [39 Cal.Rptr.2d 374] [it is unnecessary to look beyond the plain words of the statute to determine intent].)" (*People v. Benson* (1998) 18 Cal.4th 24, 30 [74 Cal.Rptr.2d 294, 954 P.2d 557].)

As relevant here, section 647 provides that "Every person who commits any of the following acts is guilty of disorderly conduct, a misdemeanor: [¶] . . . [¶] (i) Who, while loitering, prowling, or wandering upon the private property of another, at any time, peeks in the door or window of any inhabited building or structure, without visible or lawful business with the owner or occupant." The elements of this offense include (1) a person loitered, prowled, or wandered upon the private property of another; (2) the person did so without a lawful purpose for being on the property; and (3) the person, while doing so, peeked in the door or window of any inhabited building or structure located thereon.

This statute criminalizes the act of peeking without reference to committing another offense if the opportunity is discovered. Therefore, the People were not required to prove that the minor peeked through the victim's blinds with the intent to commit an offense if the opportunity is discovered.

The minor's contention that the People were required to prove that he peeked through the victim's blinds with the intent to commit an offense if the opportunity is discovered, is derived from CALJIC No. 16.447. It instructs, in part, that in order to prove a violation of section 647, subdivision (i), it must be proved that, "3. The person had a specific intent to commit a crime if [he] [she] discovered the opportunity to do so. . . ." (CALJIC No. 16.447 (6th ed. 1996).) The instruction's Comment cites *In re Cregler* (1961) 56 Cal.2d 308, 312 [14 Cal.Rptr. 289, 363 P.2d 305] (*Cregler*), as the supporting authority for this element of the offense. (Com. to CALJIC No. 16.447, *supra*, at p. 509.) However, *Cregler* does not support it.

In *Cregler*, the Supreme Court upheld the consitutionality of former section 647, subdivision 4, which prohibited loitering in enumerated public places by persons convicted of certain specified crimes. (*Cregler, supra*, 56 Cal.2d at p. 309.) Taken literally, the statute as written would make it unlawful for a person convicted of one of the enumerated crimes to simply be in one of the specified public places. A literal interpretation is obviously unconstitutional. It cannot be unlawful for a person convicted of one of the enumerated offenses to simply be in one of the specified public places.

In order to save the statute from a constitutional challenge, the court wrote an additional element into the statute, i.e., it defined loitering as "connot[ing] lingering in the designated places for the purpose of committing a crime as opportunity may be discovered." (*Cregler, supra,* 56 Cal.2d at p. 312.) The Legislature included this intent element when it redrafted former section 647, subdivision 4 as present section 647, subdivision (h).[3]

Section 647, subdivisions (h) and (i) define separate and distinct crimes, along with others specified in section 647, under the general heading of disorderly conduct. In subdivision (h), a person is guilty of disorderly conduct if he or she is found loitering on the private property of another with the specific intent to commit a crime "as opportunity may be discovered." By its own wording, subdivision (h)'s definition of loitering is limited to subdivision (h).

This intent is not a required element for the offense of peeking as defined by section 647, subdivision (i) because being on the property *and* peeking into a window constitutes the crime. Because the statute explicitly requires peeking, in addition to merely being on someone's private property, the statute, unlike the one in *Cregler,* is constitutional without the necessity of engrafting the additional element of specific intent to commit a crime as opportunity may be discovered. The peeking itself satisfies the specific intent element added by *Cregler* to its definition of loitering. (*People v. Superior Court (Caswell)* (1988) 46 Cal.3d 381, 390-391 [250 Cal.Rptr. 515, 758 P.2d 1046] [use of the term "loitering" in § 647, subd. (d), loitering in a public toilet for the purpose of soliciting or engaging in lewd conduct, does not render the statute unconstitutional because the stated purpose in the statute supplies the specific intent that was missing, but supplied, by *Cregler* in its definition of loitering].)

Presumptively for this reason, the Legislature did not include an intent to commit a crime as opportunity may be discovered as an element of the offense of peeking. Accordingly, we conclude that CALJIC No. 16.447 erroneously instructs the trier of fact that specific intent to commit a crime, as opportunity may be discovered, is an element of peeking, the offense defined in section 647, subdivision (i).

---

[3]Section 647, subdivision (h) provides that every person is guilty of disorderly conduct, "Who loiters, prowls, or wanders upon the private property of another, at any time, without visible or lawful business with the owner or occupant. *As used in this subdivision,* 'loiter' means to delay or linger without a lawful purpose for being on the property and for the purpose of committing a crime as opportunity may be discovered." (Italics added.)

## DISPOSITION

The judgment is affirmed.

Ramirez, P. J., and Gaut, J., concurred.

Appellant's petition for review by the Supreme Court was denied November 14, 2001. Kennard, J., was of the opinion that the petition should be granted.