Filed 5/17/21  P. v. Ricks CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MICHAEL AARON RICKS,<br><br>    Defendant and Appellant. | F080710<br><br>(Super. Ct. No. F16904900)<br><br>**OPINION** |

-ooOoo-

**THE COURT**\*

APPEAL from a judgment of the Superior Court of Fresno County.  F. Brian Alvarez, Judge.

Lynette Gladd Moore, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Amanda D. Cary, and Lewis A. Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Poochigian, Acting P.J., Smith, J. and De Santos, J.

## INTRODUCTION

Appellant Michael Aaron Ricks pled no contest to one count of second degree robbery (Pen. Code,[1] § 211). In addition, he admitted to a prior strike (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), and a prior serious felony conviction (§ 667, subd. (a)(1)). The trial court declined Ricks's request to strike his prior strike conviction pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).

During the pendency of his appeal, the Legislature enacted Senate Bill No. 1393 (2017-2018 Reg. Sess.) (Senate Bill No. 1393), which confers discretion upon the trial court to strike or dismiss a prior serious felony enhancement for sentencing purposes. (Stats. 2018, ch. 1013, §§ 1-2.) Because Senate Bill No. 1393 applies retroactively to all nonfinal convictions (*People v. Jones* (2019) 32 Cal.App.5th 267, 272-273), and Ricks's conviction had not yet reached finality, we concluded that remand was required to allow the trial court to determine whether to strike the five-year enhancement. On remand, the trial court declined to do so. Ricks now contends the trial court abused its discretion. We affirm.

## PROCEDURAL HISTORY

On April 28, 2017, following an indicated sentence by the trial court, Ricks entered an open plea of no contest to second degree robbery (§ 211), he admitted a prior strike offense (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), and he admitted a prior serious felony conviction (§ 667, subd. (a)(1)).

On January 12, 2018, the trial court denied Ricks's *Romero* motion and sentenced him to nine years in state prison, in conformity with its indicated sentence of imposing a nine-year lid.

On December 31, 2018, in *People v. Ricks* (Dec. 31, 2018, F076893) [nonpub. opn.], this court affirmed the trial court's denial of Ricks's *Romero* motion, but remanded

---

[1] All statutory citations are to the Penal Code unless otherwise indicated.

the case back to the lower court for it to determine whether it should exercise its newly conferred discretion to strike the prior serious felony conviction enhancement under Senate Bill No. 1393.

On April 25, 2019, the trial court declined to strike the enhancement.

On January 3, 2020, pursuant to a petition for writ of habeas corpus, Ricks was granted leave by this court to file a belated notice of appeal.  c

## STATEMENT OF FACTS

*The Underlying Offense*

The following statement of facts describing the details of the underlying offense is derived from this court's opinion in *People v. Ricks* (Dec. 31, 2018, F076893) [nonpub. opn.] at pages 1 through 2:

> "On July 24, 2016, at approximately 7:00 a.m., Ricks, a second male, and a female were standing by the entrance door to T. Singh's minimart in Fresno when Singh unlocked the door.  As Singh began walking towards the back of the store, Ricks approached him from behind, put an object to his back, and told him to get on the ground.  Ricks and the other male then took $370 from the cash register, a safe, and several packs and packages of cigarettes valued at $504 and left the store.  After reviewing surveillance video, Fresno police officers identified Ricks as one of the robbers.

> "On July 27, 2016, during an interview with a police detective, Ricks denied he was the person in a photograph that was made from a frame from the surveillance video.  However, when the detective asked Ricks if being in the store had anything to do with Ricks's cocaine problem, Ricks stated that it did and he admitted being the person in the photograph. Ricks, however, claimed he did not know the two other subjects who participated in the robbery and that he had just met them that morning.  He further stated he was high on cocaine and not in his right mind during the robbery.  After the robbery, the trio went to an abandoned house down the street, split the money and cigarettes, and Ricks received a little over $100. Ricks then went to church and began to feel guilty.  Ricks also told the detective he wanted to apologize to the victim."

3.

### The Probation Officer's Report

Ricks was a member of the Crips criminal street gang for 19 years. His risk assessment score was "High Violent." Although he reported drug use beginning in the 1980's, he had never participated in a drug treatment program.

In 1977, when he was 16 years old, Ricks was adjudicated on four counts of robbery, three with the use of a weapon, and committed to the California Youth Authority (CYA). Ricks violated his parole before being discharged from parole in 1982.

As an adult, Ricks was convicted of seven felonies, including: possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a)) in 1986; two counts of transportation or sale of a controlled substance (Health & Saf. Code, § 11352, subd. (a)) in 1986, one in 1990 and one in 1997; robbery (§ 211) in 1996; and possession for sale of a controlled substance (Health & Saf. Code, § 11351.5) in 2004. He was also convicted of the following misdemeanors: providing false information to a police officer (§ 148.9) in 1985; being under the influence of a controlled substance (Health & Saf. Code, § 11550) in 1995; domestic violence (§ 273.5, subd. (a)) in 2009; battery (§ 242) in 2011; and possession of a firearm by a felon (§ 30305, subd. (a)(1)) in 2015.

Ricks has served five prison terms and several terms in local custody and he violated his probation or parole five times.

### This Court's Prior Opinion

In affirming the denial of Ricks's *Romero* motion, this court stated the following, in relevant part:

> "Ricks was a gang member for 19 years and he had
> a lengthy criminal record that dated back to 1977 when,
> as a juvenile, he was adjudicated on four counts of
> robbery, three while armed with a weapon. From 1985
> through 2015 he had 12 convictions including the 1996
> robbery conviction underlying the Three Strikes and
> serious felony allegations, and six other felony
> convictions involving the possession, transportation or

4.

sale of drugs.  Ricks also served a lengthy CYA commitment, five prison terms, and numerous local incarcerations, and he violated his probation or parole five times.  In the instant case, Ricks committed another robbery offense and even though he may have used a toy gun to commit this offense, by acting in concert with two others, he greatly increased the potential for violence.  Thus, the record supports the court's implicit determination that Ricks did not fall outside the spirit of the Three Strikes law."
(*People v. Ricks* (Dec. 31, 2018, F076893) [nonpub. opn.], at p. 4.)

### *The Trial Court's Ruling*

Following argument by the parties, the trial court declined to strike Ricks's prior serious felony enhancement.  In so doing, the trial court observed that the factors relevant to determining whether a defendant's prior strike should be stricken are also relevant to whether a five-year prior serious felony enhancement should be stricken in the interests of justice.  The court provided the following statement of reasons, in relevant part:

"I don't find that there has been a showing to this Court's satisfaction that Mr. Ricks falls outside the scheme to afford him 1385 relief, that is in the furtherance of the justice.  I have considered the lengthy criminal history in addition to what he has told the Court today and addressing his issues.  Noting that, for instance, Mr. Ricks commenced with his career -- his criminal career as a juvenile having four robbery petitions found sustained and having a commission -- a commitment to the California Youth Authority for which he was paroled and then violated and then paroled and finally discharged.  This happened in 1977 when I believe he was 16 years old.  Thereafter, there was a series of criminal commitments to include drug possession charges, false information, transporting and selling narcotics, violations of parole in the interim, again, another robbery conviction in 1995 for which he received a prison term and more transporting narcotics.  Largely drug-related, but also there is a misdemeanor domestic-violence offense for which he was charged originally as a felony and was given probation, but violated on probation.  The Court's noting that he hasn't done

5.

particularly well while on any form of supervision unfortunately."

The trial court observed Ricks's prior adjudications as a juvenile and his prior convictions as an adult, were "numerous and increasing in seriousness." Ricks had served five prior prison terms, several terms in local custody, and he had demonstrated poor performance on probation or parole. Ricks violated his probation or parole five times and he was on supervision at the time of the current offense. After consideration of mitigating and aggravating factors, the court concluded imposition of the prior serious felony enhancement was warranted. Ricks was sentenced to a total term of nine years in state prison.

## DISCUSSION

### I. The Trial Court Did Not Abuse its Discretion in Declining to Strike Appellant's Prior Serious Felony Conviction

Ricks contends the trial court abused its discretion in declining to strike the five-year prior serious felony enhancement attached to his sentence. According to Ricks, the prior conviction underlying the five-year enhancement was remote in time in proximity to the current offense, his other prior convictions were for nonviolent offenses, and he did not use violence in the commission of the current offense. We conclude Ricks has failed to carry his burden of demonstrating the trial court's decision was "so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 377 (*Carmony*).)

#### A. Standard of Review

"[W]e review a court's decision to deny a motion to strike a five-year prior serious felony enhancement for an abuse of discretion. No error occurs if the trial court evaluates all relevant circumstances to ensure that the punishment fits the offense and the offender." (*People v. Shaw* (2020) 56 Cal.App.5th 582, 587.) In *People v. Taylor* (2020) 43 Cal.App.5th 1102 at pages 1113 through 1114, the appellate court found no abuse of

discretion in the trial court's refusal to strike a prior serious felony enhancement based on the same considerations made in reviewing the court's refusal to strike a prior strike conviction under the Three Strikes law. Applying this standard to the instant case, "a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Carmony, supra,* 33 Cal.4th at p. 377.) Only in "an extraordinary case—where the relevant factors ... manifestly support the striking of a prior conviction and no reasonable minds could differ" would "the failure to strike ... constitute an abuse of discretion." (*Id*. at p. 378.)

**B.      Analysis**

In determining whether to strike the five-year prior serious felony enhancement, the trial court considered Ricks's criminal history, the nature and circumstances of the current offense, as well as pleas for leniency made by Ricks and his wife at the resentencing hearing. The trial court also reviewed the probation officer's report, this court's prior opinion, and transcripts from Ricks's first sentencing hearing. Contrary to Ricks's assertions, the record shows the trial court weighed all relevant considerations and concluded imposition of the enhancement was appropriate.

Ricks's probation report bears out an extensive criminal history, spanning nearly 40 years. As a juvenile, Ricks suffered multiple prior adjudications for robbery. Although many of Ricks's prior felony convictions as an adult were for drug-related offenses, such as for the transportation or sales of narcotics (Health & Saf. Code, § 11352, subd. (a)), he has also suffered a prior felony conviction for robbery (§ 211), misdemeanor convictions for domestic violence (§ 273.5, subd. (a)) and battery (§ 242), and he has committed five separate violations of his probation or parole. In addition, Ricks has served five prior prison terms and several local incarcerations. Ricks criminal record demonstrates a persistent history of recidivism.

Although Ricks observes the instant offense was not accomplished by the use of violence, as this court previously observed, the potential for violence was present. Ricks

7.

committed a robbery in concert with two other individuals, and although he used a toy gun to accomplish the offense, there is no indication in the record that the victim was aware of that fact. Plainly stated, anything could have happened.

Ricks contends the trial court failed to consider the largely nonviolent nature of his criminal history, the fact that he did not use force or violence in the commission of the instant offense, and his expression of remorse and admission of guilt when confronted by the police about the robbery. Nothing in the record affirmatively establishes the trial court failed to consider all relevant circumstances in determining whether to strike the prior serious felony enhancement, including those factors identified by Ricks. (*People v. Brugman* (2021) 62 Cal.App.5th 608, 638, citing *In re Large* (2007) 41 Cal.4th 538, 550 ["[i]n the absence of evidence to the contrary, we presume that the trial court considered all of the relevant factors and properly applied the law"].) In any event, even though the trial court did not expressly state that it had considered these mitigating factors, they were discussed at the resentencing hearing. We therefore presume the trial court considered the factors identified by Ricks in determining whether it should strike the five-year prior serious felony enhancement.

Ricks further contends "he was punished twice for his recidivism—by doubling his sentence and by enhancing it." As defense counsel acknowledged at the resentencing hearing, however, the law does not prohibit doubling a defendant's sentence pursuant to the Three Strikes law and imposing the five-year prior serious felony enhancement. (*People v. Ramirez* (1995) 33 Cal.App.4th 559, 566 [the plain language of section 667 evinces an intent by the Legislature " 'to ensure longer prison sentences and greater punishment' for convicted felons who have suffered prior serious felony convictions [citation] and the statute's express mandate that the legislation is to be applied '[n]otwithstanding any other law.' (§ 667, subd. (f)(1).)"]; *People v. Cartwright* (1995) 39 Cal.App.4th 1123, 1138-1139 [the "Legislature intended a defendant's sentence under the three strikes law should include a doubled term or life term, … plus an enhancement

under section 667, subdivision (a) for each prior serious felony conviction"]; *People v. Turner* (1998) 67 Cal.App.4th 1258, 1268 ["[i]n the Three Strikes context, the same allegation that a particular prior qualified as a serious felony may serve two separate purposes: for use as a five-year enhancement under section 667, subdivision (a); and as a 'strike' [under] the Three Strikes laws"].)

While imposition of the prior serious felony enhancement is no longer mandatory, that does not support the conclusion that application of the enhancement here rendered Ricks's sentence "excessive." Despite Ricks's assertion, the trial court was not required to choose between imposition of the strike or the five-year enhancement. Although Ricks insists the trial court failed to consider the proportionality of imposing additional punishment vis-à-vis the five-year enhancement to his crime, when it had already doubled his sentence for his prior strike, the record shows the court weighed all relevant considerations and concluded "the punishment fit[] the crime and the offender.[2] (*People v. Shaw*, *supra*, 56 Cal.App.5th at p. 587.) Ricks's assertions to the contrary are meritless.

In sum, the trial court's decision not to shorten Ricks's sentence by five years was not so irrational or arbitrary that no reasonable person could agree with it. We conclude the court acted within its discretion in declining to strike the prior serious felony enhancement.

## DISPOSITION

The judgment is affirmed.

---

[2] Notably, Ricks entered his plea open to the court following an indicated sentence of nine years. If convicted, his maximum exposure was 15 years. If Ricks believed the court's indicated sentence was excessive, he was free to invoke his constitutional right to a jury trial.